Dear Mr. Keller:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. In particular, you have asked the following question:
 Should convicted felons, whose sentences are suspended under La. C.Cr.P. art. 893, be included on the list of convicted felons that is submitted to the Registrar of Voters in satisfaction of La. R.S. 18:102?
Article 893 of the Louisiana Code of Criminal Procedure permits a court to suspend the sentence of a first or second felony offender, and place the offender on probation, when it appears that the best interest of the public and of the defendant will be served. This, however, it not a restoration of the civil rights of the offender.
 La. R.S. 18:102 states in pertinent part:
 No person shall be permitted to register or vote who is:
 (1) under an order of imprisonment, as defined in R.S. 18:2(2), for conviction of a felony; . . .
La. R.S. 18:2(2) defines "under an order for imprisonment" as:
 . . . a sentence of confinement, whether or not suspended, whether or not the subject of the order has been placed on probation, with or without supervision, and whether or not the subject of the order has been paroled. (Emphasis added)
Read together, the clear language in these two provisions plainly sets forth that a convicted felon shall not be permitted to register or vote, even if his sentence has been suspended. The broad terms of La. R.S. 18:2(2) were drafted to include suspension of sentence under La. C.Cr.P. art. 893.
It is important to note that convicted felons who are granted an automatic first offender pardon under La. Const. Art.IV, Sec. 5(E)(1), are still subject to the provisions of La. R.S.18:102, since such a pardon does not erase the fact of conviction and is often used to limit other civil rights of the offender. The key term in La. R.S. 18:2(2) is conviction, and the intent of the legislature was to prohibit convicted felons from voting in the broadest sense possible. Furthermore, this office has previously set forth that the voting rights of a convicted felon may only be restored by a governor's pardon that expressly reinstates such privileges. See Attorney General's Opinion No. 86-804 and 97-85. The far-reaching nature of La. R.S. 18:102 is reflected in the language of La. R.S. 18:171, which sets forth the duties of the clerk of court in reporting felony convictions. That provision states, unequivocally, that the clerk of court ". . . shall record in the minute book in his office each conviction of a felony which has become definitive and the name, aliases, date of birth, sex, and address of the person subject to the conviction." Then, by the tenth day of each month, the clerk ". . . shall transmit to the registrar of voters for his parish and to the Department of Elections and Registration a certified copy of the judgment." The only condition placed on the reporting of convicted felons is that the judgment be definitive — there is no exemption for felons who do not actually serve their sentences, nor for those who receive first offender pardons.
Therefore, it is the opinion of this office that convicted felons, whose sentences are suspended under La. C.Cr.P. art. 893, are ineligible to register or vote under La. R.S. 18:102, and should thus be included on the list of convicted felons submitted to the Registrar of Voters.
I hope this opinion has adequately addressed your question. If we may be of further assistance, please do not hesitate to contact us. With warmest regards, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ ELLISON C. TRAVIS Assistant Attorney General